UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :
ROBERT L. GORDONS, LLC,                                                  :
                                                                         :
                                    Plaintiff,                           :     16-CV-6511 (JMF)
                                                                         :
                -v-                                                      :
                                                                         :     MEMORANDUM OPINION
                                                                         :     AND ORDER
BANK OF AMERICA, N.A.,                                                   :
                                                                         :
                                    Defendant.                           :
                                                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

In this case, familiarity with which is presumed, Plaintiff Robert L. Gordons, LLC seeks to clear title to a New York apartment that it acquired at a bargain price in a Sheriff's sale held to enforce a judgment against Sherry and Thomas Kim (the "Kims"), the previous owners of the apartment. (Docket No. 1 ("Complaint") ¶ 2). The central question is whether the apartment is subject to a lien held by Defendant U.S. Bank, N.A. (as successor trustee to Bank of America, N.A.) based on a mortgage that the Kims had obtained on the apartment. That mortgage was executed by the Kim's agent acting as their attorney-in-fact pursuant to Durable General Power of Attorney ("POA") forms. (*Id.* ¶¶ 3, 10). Plaintiff argues that the POA forms used by the Kims and their agent did not comply with various technical requirements of New York law — including, for example, the font size — and, accordingly, that the lien is void. (Docket No. 23 ("Pl. Mem."), at 8-14). Defendant contends that the POA forms were not defective and moves

on that basis and others, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the Complaint. (Docket Nos. 17-18).[1]

Upon review of the parties' motion papers, Defendant's motion is granted. Plaintiff's argument rests entirely on the plain language of the New York General Obligations Law that was in effect when the Kims executed their POA forms. Section 5-1501 of that Law established a "New York Statutory Short Form" and provided that use of the form was "in the creation of a durable power of attorney" was "lawful" so long as certain technical requirements were met. N.Y. Gen. Ob. Law § 5-1501.1-2 (1996). Critically, however, the law did not provide that use of the statutory form was mandatory or that any form deviating from the requirements set forth in the statute would be invalid. To the contrary, the law expressly provided that "no provision of this statute shall be construed to bar the use of any other or different form of power of attorney desired by the parties concerned." *Id.* § 5-1501.1. In other words, while the law provided that use of the statutory short form to create a durable power of attorney was lawful, it made plain that use of the statutory short form, and strict adherence to its requirements, was not required.

More broadly (and consistent with the language of Section 5-1501 quoted above), New York courts have made clear that "[a] power of attorney is to be interpreted so as to accomplish its apparent purpose." *Benderson Dev. Co. v. Schwab Bros. Trucking*, 64 A.D. 2d 447, 455 (4th

---

[1] Defendant also moves to dismiss on two grounds that implicate the Court's subject-matter jurisdiction: lack of standing and the *Rooker-Feldman* doctrine. (Docket No. 18, at 4-6). The Court is required to address those arguments before reaching the merits, *see Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998), but can do so quickly. Plaintiff, as the owner of the apartment, plainly has standing to seek to clear title to its own apartment. And the *Rooker-Feldman* doctrine does not apply where, as here, the case was commenced before entry of the state court judgment. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) ("The *Rooker-Feldman* doctrine is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments.").

Dep't 1978).  In accordance with that principle, courts have rejected efforts to attack the validity of POA forms based on allegations that they fail to comply with certain technical requirements. *See, e.g.*, *Citibank, N.A. v. Silverman*, 84 A.D. 3d 425 (1st Dep't 2011) (finding a mortgage to be enforceable despite alleged defects because the borrowers executed it, ratified it, and acknowledged its validity).  Instead, courts have held that the validity of a power of attorney "turns upon whether the [signatories] intended the form . . . to serve as a valid and binding power of attorney."  *Kermanshachi v. Republic Nat. Bank of N.Y., S.A.*, No. 87-CV-2599 (JFK), 1991 WL 177282, at *3 (S.D.N.Y. Sept. 3, 1991).  In light of these cases, not to mention the language of the then-applicable Section 5-1501, Plaintiff's claim fails as a matter of law.  After all, it rests entirely on technical deviations between the POA forms used by the Kims and the requirements of the statute; the Complaint contains no allegation that the parties to the POA forms did not intend to create a valid and binding power of attorney relationship.

For the foregoing reasons, Plaintiff fails to allege a plausible claim, and the Complaint must be and is dismissed.  The Clerk of Court is directed to terminate Docket Nos. 17 and 24 and to close the case.

SO ORDERED.

Dated: May 18, 2017
       New York, New York

_____
JESSE M. FURMAN
United States District Judge